UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
OCTAVIO ANAYA,

        Plaintiff,                                 08 CV 3842 (ALC)

      v.                                        MEMORANDUM AND
                                                  ORDER

PATRICK R. DONAHOE,
POSTMASTER GENERAL, UNITED
STATES POSTAL SERVICE,[1]

        Defendant.
-------------------------------------------------X

**CARTER, United States Magistrate Judge:**

In this action, plaintiff Octavio Anaya ("Plaintiff" or "Anaya") has asserted claims alleging that the United States Postal Service, through its Postmaster General, Patrick R. Donahoe ("Defendant" or the "Postal Service"), discriminated against him in violation of the following federal anti-discrimination statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., on the basis of his national origin; and (2) the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq., on the basis of his age. Defendant moves for summary judgment dismissing this action pursuant to Federal Rule of Civil Procedure 56(e). Based on the submissions of the parties, and for the reasons set forth below, Defendant's motion is granted.

---

[1] The original caption named John E. Potter as defendant. Because the position of Postmaster General has since been filled by Patrick R. Donahoe, he is now the appropriate defendant in this action.

BACKGROUND

In any motion for summary judgment brought in this District, the moving party is required, pursuant to Local Rule 56.1(a), to submit a Statement of Material Facts that it contends are in dispute. The non-moving party then must, pursuant to Local Rule 56.1(b), set forth the material facts that it believes are in dispute. In this case, Plaintiff has failed to submit a 56.1 Counter Statement, despite relying on Defendant's Statement in his motion papers. As such, I will treat Defendant's 56.1 Statement as unopposed, to the extent its allegations are supported by the record. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party ... fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

Plaintiff is a 69 year old Hispanic male who was employed by the Postal Service from 1970 until his retirement in 2010. During his 40 year tenure with the Postal Service, Plaintiff received one temporary promotion and two full promotions, in 1998, 1999 and 2003, respectively. The last of the three promotions resulted in his being named "Manager, Customer Service" in the Kew Gardens Hills Post Office, which was the last position he held at the Postal Service.

Plaintiff claims to have made previous complaints of discrimination over the years, but provides little specificity. His complaint ("Complaint") makes vague reference to his "prior discrimination complaint(s)" but he submitted no evidence to indicate the number or date of such complaints, or even to indicate that they number more than one. From the record, only one prior complaint is apparent, and it is annexed to the Declaration submitted by counsel for the Postal Service. (Eskew Decl. Ex. V.) It indicates that, in July 2006, Plaintiff was denied a promotion

to another position and filed an internal complaint of discrimination, selecting race, national origin, sex, age and retaliation as the bases of the claim (the "2006 Complaint").

On January 2, 2007, the Postal Service announced a vacancy for a position for which Plaintiff applied, to wit: "Manager Customer Service" in the Rego Park Post Office (the "Rego Park Position" or the "Position"). The application process required both the submission of a "Form 991" and a written statement of qualifications, specifically ten areas of knowledge, skills and abilities ("KSA") needed for the Position. A committee (the "Committee") was selected to review the applications. Three members comprised the Committee: Phyllis A. Morrissey ("Morrissey"), Jeffrey S. Goldman ("Goldman") and Robert Botman ("Botman").

The Committee reviewed all applications and scored each on a scale of 0 (being the weakest applicant) to 3 (the strongest). The three highest scoring applicants were then selected for an interview with the Selecting Officer, Sunny Wong ("Wong"). Wong, in turn, would ultimately select a candidate to be introduced to William Rogers, Postmaster of the Flushing Post Office. Rogers would then make the official appointment.

Seven Postal Service employees applied for the Rego Park Position, and the Committee ranked Plaintiff's application sixth. Specifically, the committee ranked Plaintiff's KSA answers quite low, awarding him one point apiece in seven categories, and two points apiece in the remaining categories. According to the Postal Service, the activities and information provided by Plaintiff tended to reference events too remote in time to reflect his current abilities. As a result, he was not selected for an interview.

John Zucchi ("Zucchi"), a nine-year employee of the Postal Service, was among the three top-scoring individuals recommended by the Committee.[2] According to the Committee, Zucchi's application made reference primarily to recent displays of skills and knowledge, causing his KSA scores to be higher than Anaya's. Wong conducted interviews and ultimately selected Zucchi for the Position. Wong's recommendation was adopted by Rogers.

At a minimum, this was the second position for which Plaintiff was not selected that involved Wong and Rogers, as the 2006 Complaint listed them as the "persons who took the action(s)" alleged to be discriminatory.

In his deposition, Plaintiff testified that he does not believe any of the three Committee members discriminated against him on the basis of age, and that he does not believe that Goldman, Botman or Wong discriminated against him at all. What are left are the allegations that both Morrissey, who chaired the Committee, and Rogers, the Postmaster, discriminated against him on the basis of his national origin and retaliated against him because of a prior complaint of discrimination. When asked to provide the basis on which he makes these accusations, Plaintiff responded, as to Morrissey, that she knew he made "complaints;" that she became upset with him during a conversation after which she allegedly asked him if he intended to file another complaint; and that her "distance" following that comment indicated her animus toward his national origin. When asked what conduct led him to believe that Rogers discriminated against him, he responded, "I can't place it. I don't know. I don't know why." He later testified that, while he did not believe Rogers discriminated against him on the basis of his age, he did believe that Rogers discriminated against him based on his national origin because "I

---

[2] Plaintiff has provided no proof of Zucchi's age, beyond speculating that because Zucchi's Form 991 indicates that he graduated high school in 1991, he was 34 years old at the time of the promotion. I will assume arguendo that Zucchi was under 40 at the time of the promotion.

4

don't know. That's the only one that I could come up with." (See generally Ex. B to Eskew Decl. ("Pl. Depo.") at 81-115.)

Plaintiff filed the Complaint on September 18, 2008, alleging discrimination on the bases of his age and national origin, and for retaliation. Presently before me is Defendant's motion for summary judgment.

## DISCUSSION

A party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248; 106 S.Ct. at 2510. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the non-moving party. See Ricci v. DiStefano, __ U.S. __; 129 S.Ct. 2658, 2677 (2009).

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R.

Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256, 106 S.Ct. 2510. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-8. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. See Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

A. *McDonnell Douglas Burden Shifting Analysis*

Discrimination and retaliation claims are subject to the well-known burden-shifting analysis set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). At the first stage, Plaintiff must make a prima facie claim of discrimination or retaliation. Id. at 802; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S.Ct. 1089 (1981). Then, the burden shifts to the employer to articulate a legitimate nondiscriminatory (or nonretaliatory) reason for the challenged action. If the employer does so, using clear, specific reasons for the adverse action, the plaintiff must then demonstrate that the employer's proffered reasons are a pretext and that, more likely than not, the real reason was discriminatory or retaliatory. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11; 113 S.Ct. 2742 (1993). If Plaintiff fails to meet this final burden of persuasion, Defendant is entitled to summary judgment.

The McDonnell Douglas analysis applies whether the alleged discrimination is grounded in the employee's age or national origin, as well as cases in which a plaintiff alleges retaliation based on prior complaints of discrimination. See McDonnell, 411 U.S. at 802 (setting forth

6

prima face case of racial discrimination); see also 42 U.S.C. § 2002e-3(a) (permitting retaliation actions which are based on underlying complaints of racial or national origin discrimination); Gomez-Perez v. Potter, 553 U.S. 474, 128 S.Ct. 1931 (2008) (permitting actions under the ADEA based on prior complaints of age discrimination); Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 71 (2d Cir. 2004) (applying McDonnell to actions brought pursuant to the ADEA).

B. *Discrimination Claims*

"To meet [his] initial burden of establishing a prima facie case of discrimination, [Plaintiff] must demonstrate that: (1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Williams v. R.H. Donnelly, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (quoting McDonnell, 411 U.S. at 802). In this case, it is undisputed both that Plaintiff is a Hispanic man who was over the age of 40 at all relevant times and that he suffered an adverse employment action in being denied the promotion. The parties do dispute his qualifications for the Position, but for the purposes of this motion, I will assume arguendo that he was qualified for it throughout the application process. What remains is whether he has demonstrated that the denial of the promotion occurred under circumstances permitting an inference of discrimination based either on his age or national origin. I find that it did not.

"[C]ourts ... must carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture ... An inference is not a suspicion or a guess." Bickerstaff v. Vassar College, 196 F.3d 435, 558 (2d Cir. 1999); Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004) (nonmoving party

may not rely on conclusory allegations or speculation); Wang v. Swain, 09 CV 306 (TM), 2011 WL 887815, at *7 (N.D.N.Y. Mar. 14, 2011) (dismissing claim of plaintiff who was denied tenure for her failure to provide direct, statistical or circumstantial evidence of any biases among the decision-makers); Morris v. New York City Dep't of Sanitation, No. 99 CV 4376 (WK), 2003 WL 1739009 at *6 (S.D.N.Y. Apr. 2, 2003) (stray remarks, without a demonstrated nexus to the complained-of action, insufficient to defeat a summary judgment motion).

In his deposition, Plaintiff readily admitted that he had no reason to believe that the majority of decision-makers involved in filling the Rego Park Position harbored any discriminatory animus against him. As described, supra, the first level of applicant screening was done by the Committee. Of the three Committee members charged with narrowing the list of candidates to three, Plaintiff accuses only one member, Morrissey, of discrimination on the basis of national origin. He did not believe that the other two retaliated against him or discriminated on the basis of national origin and he did not think that any of the three Committee members discriminated against him on the basis of his age. After the list of candidates for the Position was narrowed to three, the next decision-maker was Wong. However, Plaintiff testified he did not suspect Wong of any type of discrimination. Finally, he accuses the final decision-maker, Rogers, of national origin discrimination because "[t]hat was the only one that [he] could come up with." In sum, Plaintiff exonerated each of the decision-makers as to any claim of age discrimination, and all but two on his claim of national origin discrimination. Of the two (Morrissey and Rogers) who remain, he contends that he could tell Morrissey discriminated against him because of the "distance" she kept from him. As to Rogers, Anaya could come up with no other reason why he was not selected for the position besides discrimination.[3]

---

[3] Plaintiff's position as to Rogers is entirely unsupported by the record, as Rogers did not enter the selection process until Plaintiff was already eliminated. Therefore, Rogers never had an opportunity to

8

Therefore, his discrimination claims fail for want of evidence from which a reasonable fact-finder can infer discrimination on either the basis of his age or his national origin.

Even if Plaintiff were able to meet his prima facie burden under the McDonnell Douglas test, the Postal Service has put forth a legitimate nondiscriminatory basis for denying Plaintiff the Rego Park Position in that the Committee decided as a whole that his application was not as strong as Zucchi's. Of the ten KSA categories on which the applicants were evaluated, Anaya and Zucchi scored identically in the first six categories. Of the remaining four categories, Anaya cited incidents of proficiency and achievement dating back to 1999 in one instance, to 2003 in two instances, and in the remaining instance, the Committee found his answer nonresponsive altogether. Zucchi's responses included incidents experienced in his then-current position as Manager at the Whitestone Post Office, one of which involved him approaching a customer to suggest more efficient methods of shipping commercial goods, and another acknowledging how he contributed to the increased efficiency of the Postal Service's Priority Mail service. (Compare Eskew Decl. Ex. K with Eskew Decl. Ex. Q.) Therefore, the Postal Service has carried its burden under McDonnell Douglas by proffering a legitimate nondiscriminatory reason for not selecting Plaintiff for the Position. See Hicks, 509 U.S. at 509 (the employer need only "introduce evidence, which, *taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action.") (emphases in original); see also Estate of Hamilton v. City of New York, 627 F.3d 50, 56 n.7 (2d Cir. 2010) ("Our role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second-guesses employers' business judgments.") (citation omitted); Joseph v. Leavitt, 465 F.3d 87, 91 (2d Cir. 2006) (employer is not required to prove allegations beyond a reasonable doubt).

---

reject Plaintiff. To the extent Plaintiff claims that Rogers exerted influence on the Committee, this is yet another blanket assertion for which he provides no support.

Now, the burden shifts back to Plaintiff to present sufficient evidence for a reasonable factfinder to conclude that the reason provided was pretextual and that the real reason he was not offered the Rego Park Position is because of discrimination. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91 (2d Cir. 2001). In this regard, "the issue not whether the employer reached a correct conclusion" in selecting Zucchi over Anaya for the Position, but "whether the employer made a good-faith business determination." Baur v. Rosenberg, Minc, Falkoff & Wolff, No. 07 CV 8835 (GEL), 2008 WL 5110976, at *5 (S.D.N.Y. Dec. 2, 2008). The Court is "decidedly not interested in the truth of the allegations against plaintiff [but rather] what *motivated* the employer." McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006) (emphasis in original).

Just as Plaintiff failed to present evidence permitting an inference of discrimination, so too has he failed to introduce evidence indicating that the Postal Service's proffered reason for not selecting him for the Position is pretextual. He merely reiterates that his years of service far exceeded Zucchi's and insists that his application was the stronger of the two. He neither puts forth evidence that challenges the Postal Service's stated motivation for hiring Zucchi nor any other evidence of discrimination, other than his own conjecture. Because Plaintiff "cannot escape summary judgment by simply attacking the legitimacy of the employer's findings," Avillan v. Potter, No. 04 CV 9019 (PKC) (FM), 2006 WL 3103309, at *19 (S.D.N.Y. Nov. 1, 2006), summary judgment on Plaintiff's discrimination claims is warranted.

C. *Retaliation Claim*

As stated, supra, the McDonnell Douglas burden-shifting analysis applies equally to claims of retaliation. See McDonnell, 411 U.S. at 802; see also 42 U.S.C. § 2000e-3(a). The prima

facie elements of retaliation are slightly different from those in a discrimination case. In a retaliation case, the plaintiff must first show (1) participation in a protected activity; (2) that the employer was aware of this activity; (3) that he suffered an adverse employment action; and (4) that a causal connection exists between the adverse employment action and the protected activity. Slattery, 248 F.3d at 91. At that point, the burden shifts to the Postal Service which, in providing a legitimate nondiscriminatory reason for not promoting Anaya, has also provided a legitimate nonretaliatory reason for same.

Therefore, even assuming arguendo that Plaintiff has made a prima facie showing of retaliation, the claim fails because he can neither demonstrate that the Postal Service's proffered reason is pretextual nor provide evidence beyond speculation that would permit a factfinder to conclude that, more likely than not, he was not selected because of retaliation. His allegations that he perceived Morrissey to be creating "distance" between them and that he could think of no other reason to explain his failure to be promoted besides Morrissey's and Rogers' retaliation are patently insufficient.

## CONCLUSION

Plaintiff has offered no evidence of discrimination or retaliation other than his own impressions and speculations. He admitted that he did not believe most of the decision-makers exhibited any discriminatory or retaliatory animus. Of those he did accuse, his reasons were groundless, and were successfully rebutted by the Postal Service's production of evidence supporting its decision not to promote him. While it appears he completed an impressive 40 years of service with the Defendant, that alone does not entitle him to every job promotion. For the foregoing reasons, Defendant's motion is granted. The Clerk of the Court is directed to close the case.

**SO ORDERED.**


DATED:  August  26, 2011                                 _____/s/_____
             Brooklyn, New York                           Andrew L. Carter, Jr., U.S.M.J.